Jeffrey R. Witham (State Bar No. 116392)
jeffrey.witham@dinsmore.com
Dillon D. Chen (State Bar No. 311190)
dillon.chen@dinsmore.com
**DINSMORE & SHOHL LLP**
550 S. Hope Street, Suite 1765
Los Angeles, CA 90071
Telephone: (213) 335-7737
Facsimile: (619) 400-0501

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, A DELAWARE CORPORATION D/B/A WWW.FORD.COM, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: **'23CV0598 W    JLB**<br><br>[San Diego County Superior Court Case No. 37-2023-00008717-CU-CR-CTL]<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL; DECLARATION OF AMY PALAZZOLO IN SUPPORT THEREOF** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Ford Motor Company ("Ford" and/or "Defendant"), by and through its undersigned counsel, hereby removes this action from the Superior Court of the State of California in and for the County of San Diego (the "State Court"), in which the action is currently pending, to the United States District Court for the Southern District of California on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, 1441, 1446 and all

1

other applicable bases for removal. In support of this Notice of Removal, Ford states as follows:

## STATE COURT ACTION

1. On or about March 2, 2023 Plaintiff Rebeka Rodriguez ("Plaintiff") filed a Complaint in the State Court, styled as Rebeka Rodriguez v Ford Motor Company, a Delaware corporation d/b/a/ WWW.FORD.COM, and DOES 1 through 10, inclusive, Case No. 37-2023-00008717-CU-CR-CTL (the "State Court Action").

2. On March 10, 2023, service was made on Ford's registered agent of the Summons ("Summons") and Complaint in the above-described State Court Action ("Complaint"). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

3. The docket for the State Court Action does not indicate that there has been service of process upon any "Does." Any "Does" are fictitious defendants and therefore properly disregarded for purposes of this removal. 28 U.S.C § 1441(b).

## GROUNDS FOR REMOVAL- DIVERSITY

4. This Court has jurisdiction over this civil action under 28 U.S.C. § 1332 and, accordingly, removal jurisdiction under 28 U.S.C. § 1141(a). Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000.

### i. Complete Diversity of Citizenship

5. For a case to qualify for federal jurisdiction under 28 U.S.C. § 1132, there must be complete diversity of citizenship between the parties opposed in interest. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004).

6. Plaintiff alleges that she resides in San Diego, California. Complaint at ¶4.

7. Ford is, and was at the time of Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal

place of business in Michigan. Complaint at ¶5; **Exhibit B** (Declaration of Amy Palazzolo ("Palazzolo Decl.")) ¶2.

### ii. Amount in Controversy

8. When a complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996). The defendant must establish that it is "more likely than not" that the amount in controversy exceeds that amount. *Id*. "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (internal quotation marks omitted).

9. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

10. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume that Plaintiff will prevail on each of its claims. *Kenneth Rothschild Trust v Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002)(citing *Burns v. Windsor Inc.*, 31 F.3d 1092 (11th Cir. 1994)(the amount in controversy analysis presumes that "plaintiff prevails on liability")). In addition, the Court may look beyond the complaint to determine whether the amount in controversy is met, if necessary. *See Abrego v Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006). Ford disputes that it is liable for any damages or injunctive relief whatsoever to Plaintiff. Nevertheless, Ford can demonstrate that the amount in

controversy exceeds $75,000, exclusive of interest and costs under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

11. Plaintiff alleges that Ford violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §630, *et. seq.* by engaging in both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication. According to Plaintiff, Ford (1) secretly wiretaps the private conversations of everyone who communicates through the chat feature at www.ford.com and (2) allows at least one third party to eavesdrop on such communications in real time and during transmission. Complaint at p. 2:6-8.

12. In this case, Plaintiff seeks, *inter alia,* statutory damages, punitive damages, and injunctive relief. Complaint at ¶¶ 28, 36 & Prayer for Relief at ¶¶ 3, 4.

13. If Plaintiff prevails on her CIPA claims, she would be entitled to $5,000 per violation or three times the amount of actual damages sustained. Cal. Penal Code § 637.2(a). Plaintiff has alleged that Ford has violated Cal. Penal Code §632.7 (eavesdropping) and Cal. Penal Code §631 (wiretapping). Complaint at ¶¶ 23-36. Thus, at a minimum, Plaintiff would be entitled to $10,000 in statutory damages.

14. If granted, Plaintiffs request for injunctive relief would cost Ford more than $89,000. Palazzolo Decl. at ¶9.

15. Ford utilizes "chat campaigns" to support customer engagement. Ford's chat campaigns enable a chat feature to be displayed on a web page or mobile app. Palazzolo Decl. at ¶5.

16. Ford has thirty-four (34) different chat campaigns in the United States ("U.S. Chat Campaigns"). Palazzolo Decl. at ¶6.

17. All of Ford's U.S. Chat Campaigns save and store chats with Ford. In order to comply with an injunction order that requires an addition or modification to

chat-related aspects of the Ford website, Ford would be required to make those changes to all of its U.S. Chat Campaigns. Palazzolo Decl. at ¶7.

18. To modify one chat campaign it would cost Ford approximately two-hundred and twenty dollars ($220.00) per hour. Modification of one chat campaign would take approximately twelve (12) hours. Palazzolo Decl. at ¶8.

19. It would cost Ford eighty-nine thousand dollars ($89,000.00) to modify all of its existing U.S. Chat Campaigns ($220 x 12 x 34 = $89,760.00). This calculation does not take into account the amount of money Ford would be required to spend on retaining outside compliance counsel (not the litigation counsel) to advise Ford with respect to such modifications. Palazzolo Decl. at ¶9.

20. Thus, the total amount in controversy exceeds $75,000.00, even before adding Plaintiff's claim for punitive damages. The amount in controversy is satisfied.

## ALL PROCEDURAL REQUISITES ARE SATISFIED

21. 28 U.S.C § 1441(a) allows civil actions brought in state court to be removed to the district court "embracing the place where such action is pending." The Complaint was filed and currently is pending in California Superior Court for the County of San Bernardino. Pursuant to 28 U.S.C § 1441(a), venue is proper in the Southern District of California because this district embraces the place in which the State Court Action has been pending.

22. Pursuant to 28 U.S.C § 1446(a), copies of all relevant process, pleadings, and orders for the State Action in Ford's possession are filed herewith.

23. Pursuant to 28 U.S.C § 1446(d), Ford will provide contemporaneous written notice of this Notice of Removal to Plaintiff, the adverse party, and to the Clerk of the State Court.

24. This matter was timely removed pursuant to 28 U.S.C § 1446(b) because this Notice of Removal was filed prior to expiration of the 30-day time period following service of the Summons and Complaint on Ford. For received service of

the Summons and Complaint on March 10, 2023.  A true and correct copy correct copy of the Proof of Service filed by Plaintiff in this matter is attached hereto as **Exhibit C**.

## CONCLUSION

25. Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

DATED:  April 3, 2023                                           **DINSMORE & SHOHL LLP**

By:  /s/ Jeffrey R. Witham
Jeffrey R. Witham
Dillon D. Chen

Attorneys for Defendant
FORD MOTOR COMPANY, a
Delaware corporation dba
WWW.FORD.COM

JS 44 (Rev. 10/20)     **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Rebeka Rodriguez

### DEFENDANTS
Ford Motor Company, a Delaware corporation dba www.Ford.Com, and DOES 1 through 10, inclusive

**(b)** County of Residence of First Listed Plaintiff: San Diego
County of Residence of First Listed Defendant: ____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott J. Ferrell; Victoria C. Knowles
Pacific Trial Attorneys, 4100 Newport Place Drive, Ste 800
Newport Beach, CA 92660

Attorneys *(If Known)*
Jeffrey R. Witham (116392); Dillon D. Chen (311190)
Dinsmore & Shohl LLP, 550 South Hope Street, Ste. 1765
Los Angeles, CA 90071

### II. BASIS OF JURISDICTION
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question
- [x] 4 Diversity

### III. CITIZENSHIP OF PRINCIPAL PARTIES

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other / 462 Naturalization Application | 465 Other Immigration Actions | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights / 555 Prison Condition / 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
2.8. U.S.C. 1132; 28 U.S.C. 1441 (Diversity Jurisdiction)
Brief description of cause:
Violations of California Invasion of Privacy Act, California Penal Code § 631 and California Penal Code § 632.7

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ ____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: April 3, 2023
SIGNATURE OF ATTORNEY OF RECORD: Jeffrey R. Witham */s/ Jeffrey R. Witham*

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.