1  Jeffrey R. Witham (State Bar No. 116392)
jeffrey.witham@dinsmore.com
2  Gina Kripotos (State Bar No. 325505)
gina.kripotos@dinsmore.com
3  **DINSMORE & SHOHL LLP**
550 S. Hope Street, Suite 1765
4  Los Angeles, CA 90071
Telephone: (213) 335-7737
5  Facsimile: (619) 400-0501

6  Attorneys for Defendant
FORD MOTOR COMPANY
7

8  ### UNITED STATES DISTRICT COURT

9  ### SOUTHERN DISTRICT OF CALIFORNIA

10

11  REBEKA RODRIGUEZ,                    Case No.: 3:23-cv-00598-RBM-JLB

12                                       **NOTICE OF MOTION AND**
                    Plaintiff,           **MEMORANDUM OF POINTS AND**
13                                       **AUTHORITIES IN SUPPORT OF**
     v.                                  **DEFENDANT FORD MOTOR**
14                                       **COMPANY'S MOTION TO**
                                         **DISMISS PLAINTIFF'S SECOND**
15  FORD MOTOR COMPANY, A                **AMENDED COMPLAINT**
    DELAWARE CORPORATION D/B/A
16  WWW.FORD.COM,                        **NO ORAL ARGUMENT UNLESS**
     and DOES 1 through 10, inclusive,   **ORDERED BY THE COURT**
17
                    Defendants.          **[Filed concurrently with Request for**
18                                       **Judicial Notice and [Proposed]**
19                                       **Order]**

20                                       Date:      May 27, 2024
                                         Crtrm:     5B
21                                       Judge:     Honorable Ruth Bermudez
22                                       Montenegro

23  ─────────────────────────────

24

25

26

27

28
                                    1                   3:23-cv-00598-RBM-JLB

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** on May 27, 2024, or as soon thereafter as the matter may be heard in Courtroom 5B of the above entitled Court, located at 221 West Broadway, 5th Floor, San Diego, California 92101, Defendant Ford Motor Company, through its counsel, will and hereby does respectfully move this Court pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing Plaintiff's Second Amended Complaint in its entirety for failure to state a claim upon which relief can be granted.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, the pleadings and papers on file in this action, and such other matters as the Court may take judicial notice or consider relevant.

No oral argument pursuant to Local Rule 7.1.

DATED:  April 19, 2024                    **DINSMORE & SHOHL LLP**


By:  _/s/ Gina Kripotos_

Gina Kripotos

Attorneys for Defendant
FORD MOTOR COMPANY, a
Delaware corporation dba
WWW.FORD.COM

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES .................................................5

I.   INTRODUCTION .......................................................................................5

II.  PLAINTIFF'S ALLEGATIONS.................................................................5

III. LEGAL ANALYSIS ...................................................................................6

     A.   Legal Standard .................................................................................6

     B. Plaintiff Fails To State a Claim for Relief under CIPA Section 631(a) ...........7

1.   PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FIRST THREE PRONGS OF PENAL CODE SECTION 631(A) ...............................................7

2.   DEFENDANT IS NOT LIABLE FOR AIDING AND ABETTING VIOLATIONS OF 631 ..................................................................................................8

A.   DEFENDANT DID NOT AID OR ABET "WIRETAPPING" UNDER SECTION 631(A)'S FIRST PRONG .................................................................9

     b.   Defendant Did Not Aid or Abet "Eavesdropping" Under Section 631(a)'s Second Prong.................................................................9

     C.   Defendant is Not Liable for Aiding and Abetting Violations of Section 631(a)'s Third Clause .............................................13

     D.   Plaintiff Fails to Allege the Requisite Knowledge For Aiding and Abetting .......................................................14

IV. CONCLUSION.........................................................................................15

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)..................................................2, 6, 7

*Fiol v. Doellstedt, 50 Cal. App. 4th 1318, 1325-26, 58 Cal. Rptr. 2d 308 (1996)*....14

*In re GileadScis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)............................6

*Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) .........................7

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).................................................6

*Swarts v. Home Depot, Inc., No. 23-cv-0995-JST, 2023 U.S. Dist. LEXIS 153477,*
*    2023 WL 5615453,  at *7 (N.D. Cal. Aug. 30, 2023)* ..........................................10

*Tavernetti v. Sup. Ct. of San Diego Cty.*, 22 Cal. 3d 187, 192 (Cal. 1978 ...................7

*Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*, 315 F.Supp.3d 1147, 1175 (C.D. Cal.
*    2018)*..................................................................................................................6

*Twitter, Inc. v.  Taamneh, 598 U.S. 471, 483-85, 143 S. Ct. 1206, 215 L. Ed. 2d 444*
*    (2023* ................................................................................................................14

*UAG Escondido A1 Inc.* 2024 U.S. Dist. LEXIS 24429, 2024 WL 559241, at 6*)....15

*Williams v. What If Holdings*, No. 22-cv-03780, 2022 WL 17869275, at *2 (N.D.
*    Cal. Dec. 22, 2022)*..........................................................................................8

**Statutes**

CIPA, Penal Code Section 631(a)............................................ 3, 6, 8, 10, 14

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Rebeka Rodriguez's ("Plaintiff") Second Amended Complaint ("SAC") represents her third attempt to advance her impractical theory that by using vendor-provided software tools to enable chat features on its website, Defendant, and hundreds of other companies, violate California's Invasion of Privacy Act's ("CIPA") wiretapping and eavesdropping provisions under Cal. Penal Code § 631. Plaintiff has failed again. Plaintiff's SAC fails to allege what prong of Section 631 Defendant has allegedly violated. Rather, Plaintiff alleges in conclusory fashion that "Defendant's conduct constitutes numerous independent and discrete violations of Cal. Penal Code § 631(a)." SAC ¶48.

This Court has already soundly rejected Plaintiff's assertion of § 631 liability under a direct party theory **with prejudice**. Thus, the only possible basis for liability under section 631(a) is under an aiding and abetting theory, *i.e.*, the fourth prong of Section 631(a). Plaintiff's SAC attempts to create a Section 631(a) claim by alleging in conclusory fashion that Defendant aided and abetted LivePerson's violation of the statute. SAC. ¶ 32. Plaintiff's Section 631 claim fails because Plaintiff has not alleged facts to establish that LivePerson wiretapped or eavesdropped in violation of section 631(a). Simply put, Ford cannot be liable for aiding and abetting a violation that did not occur. Moreover, even if LivePerson did violate section 631, Plaintiff has not alleged the requisite knowledge for an aiding and abetting claim.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that, in early 2023, she visited Defendant's website using a smart phone and voluntarily initiated a conversation with Defendant using the website's chat feature. SAC ¶4. Plaintiff does not specify the day or time she visited Defendant's website or the contents of her conversation. Plaintiff does not allege that she shared

any personal information or data whatsoever in her conversation with Defendant. *See, generally* SAC.

According to Plaintiff, Defendant allows a third party, LivePerson, Inc. ("LivePerson"), to "secretly intercept, exploit and monetize" the chat conversations between Defendant and visitors to its website. SAC ¶11. Relying on false and misleading allegations, Plaintiff's SAC alleges that LivePerson is "integrated" with Meta, who harvests chat transcripts for valuable data and then allows its brands like Facebook and WhatsApp to bombard unsuspecting website visitors with targeted advertising. SAC ¶19-28. Notably, Plaintiff does not make any allegation that LivePerson used her chat transcript from Defendant's website in any manner that would violate CIPA or that LivePerson shared her chat transcript (or any of her data) with Meta or any other party. Plaintiff does not allege that she was ever bombarded with targeted advertising or harmed in any way by Defendant's alleged actions. Furthermore, Plaintiff does not allege that Defendant had any knowledge of any alleged misuse of its chat transcripts *See, generally* SAC.

## III.    LEGAL ANALYSIS

### A. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "threadbare" recitation of the elements of a cause of action does not suffice. *Id*. Neither do conclusory allegations or allegations that "merely track[] the language of the statute[s] [themselves], without providing facts to substantiate the claimed legal conclusions." *Ticketmaster L.L.C. v. Prestige Ent. W., Inc*., 315 F. Supp. 3d 1147, 1175 (C.D. Cal. 2018); *see also In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008) (courts should not accept as true "allegations that are merely conclusory, unwarranted

deductions of fact, or unreasonable inferences"). To survive dismissal, Plaintiff must plead sufficient factual content that allows the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Plaintiff Fails To State a Claim for Relief under CIPA Oenal Code Section 631(a)**

The California Supreme Court has construed CIPA, Penal Code Section 631(a) "as three distinct and mutually independent patterns of conduct unlawful: (1) intentional wiretapping [with any telegraph or telephone],' (2) 'willfully attempting to learn the contents or meaning of a communication in transit over a wire,' and (3) 'attempting to use or communicate information obtained as a result of engaging in either of the two previous activities.'" *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (quoting *Tavernetti v. Sup. Ct. of San Diego Cty.*, 22 Cal. 3d 187, 192 (Cal. 1978). Section 631(a) also includes a fourth basis for liability, for anyone "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the other three bases for liability." Cal. Penal Code § 631(a).

Plaintiff's SAC fails to specify which clause of Section 631(a) Defendant has allegedly violated. Rather, Plaintiff alleges, in conclusory fashion that "Defendant's conduct constitutes numerous independent and discrete violations of Cal. Penal Code § 631(a)." SAC ¶48. For the reasons discussed below, Plaintiff fails to allege a viable theory of recovery under any clause of Section 631(a).

**1. <u>Plaintiff Fails to State a Claim Under the First Three Prongs of Section 631(a)</u>**

Plaintiff's FAC was similarly unclear regarding liability under the first three prongs of Section 631(a). In its Motion to Dismiss Plaintiff's FAC ("MTD Plaintiff's FAC"), Defendant argued that Plaintiff failed to state a claim under the first three prongs

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

of Section 6631(a). Defendant noted that the law is well-settled that "[p]arties to a conversation cannot eavesdrop on their own conversation, so no other part of Section 631(a) is applicable" with respect to the intended recipient of a communication. *Williams v. What If Holdings*, No. 22-cv-03780, 2022 WL 17869275, at \*2 (N.D. Cal. Dec. 22, 2022); (DOC. 11-1 at 9). Ruling on Defendant's MTD Plaintiff's FAC, this Court agreed that Plaintiff's allegations were unclear and dismissed any such claim against Defendant for direct liability under the first three clauses of CIPA section 631(a) **with prejudice."** *Rodriguez v. Ford Motor Co.*, 2024 U.S. Dist. LEXIS 50719, at \*15 (S.D. Cal. Mar. 15, 2024) (emphasis in original). Based on the foregoing, Plaintiff's SAC fails to state a claim against Defendant under the first three clauses of section 631(a).

## 2. <u>Defendant is Not Liable for Aiding and Abetting Violations of 631</u>

Given the fact that Defendant was a participant in the alleged communication, the only possible basis for liability under Section 631(a) is under an aiding and abetting theory, *i.e.*, the fourth prong of Section 631(a). Here, Plaintiff alleges that Defendant did not inform her that Defendant was secretly aiding, agreeing, with, employing, or conspiring with LivePerson to intercept and eavesdrop on her conversation with Defendant. SAC. ¶ 32. Plaintiff's attempt to create a section 631(a) claim by including conclusory allegations that Defendant aided and abetted LivePerson's violation of the statute fails because Plaintiff has not alleged facts to establish that LivePerson wiretapped or eavesdropped in violation of section 631(a). Plaintiff's aiding and abetting claim also fails because Plaintiff alleges no facts regarding Ford's knowledge or intent. Therefore, Plaintiff cannot allege a claim against Defendant under an aiding and abetting theory.

/ / /

/ / /

/ / /

### a.   Defendant Did Not Aid or Abet "Wiretapping" Under Section 631(a)'s First Prong

The first prong of section 631(a) provides that it is punishable by fine or imprisonment for "any person who by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any *telegraph* or *telephone* wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system …." Penal Code §631(a).

In its ruling on Defendant's Motion to Dismiss Plaintiff's FAC, this Court held that Plaintiff did not adequately allege that LivePerson violated the first clause of Section 631(a) (wiretapping) because the first clause of Section 631(a) **does not** apply to communications made through the computer functions of a smart phone. *Rodriguez*, 2024 U.S. Dist. LEXIS 50719, at *19 (quoting *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1075 (C.D. Cal. 2023). Notwithstanding this Court's ruling, Plaintiff's SAC alleges that Plaintiff communicated with Defendant's website using a "smart phone" (a cellular telephone with an integrated computer to enable web browsing). SAC ¶31. Based on this Court's ruling, and the case law cited therein, this allegation is fatal to any claim that LivePerson violated the first clause of Section 631(a). Because Plaintiff has not alleged facts to establish that LivePerson wiretapped, Plaintiff cannot state a claim against Defendant for aiding and abetting that conduct.

### b.   Defendant Did Not Aid or Abet "Eavesdropping" Under Section 631(a)'s Second Prong

A violation of the second prong of section 631(a) ("eavesdropping") occurs when one willfully attempts to learn the contents or meaning of a communication in transit over a wire. Cal. Penal Code § 631. The allegations in Plaintiff's SAC do not establish that LivePerson violated the second prong of Section 631(a) because Plaintiff

1  fails to allege that LivePerson is more than an extension of the website operator, and

2  thus falls under the party exemption as a result. As noted by this Court, in order to allege

3  that LivePerson (a third party software provider) was acting as a true eavesdropper, and

4  as more than an extension of Defendant, Plaintiff must adequately allege that

5  LivePerson has the "capability" to use **the chat** data for its own purpose or benefit. .

6  *Rodriguez*, 2024 U.S. Dist. LEXIS 50719, at * 33; *see also Javier v. Assurance* IQ,

7  LLC, 649 F. Supp. 3d 891 (N.D. Cal. 2023)(holding that a third party software

8  provider is not an "unannounced second auditor" if it does not have the capability to

9  use its record of the interaction for any other purpose but that of its owner; *Hazel v.*

10 *Prudential Fin., Inc., Case No. 22-cv-07465-CRB, 2023 U.S. Dist. LEXIS 100974,*

11 *2023 WL 3933073, at \*4 (N.D. Cal. June 9, 2023)* ("[T]he concern is not on whose

12 behalf the recording is undertaken, but whether the recorder is *capable* of using the

13 recording for other ends.") (emphasis added); *Yockey, 2023 U.S. Dist. LEXIS 150262,*

14 *2023 WL 5519323, at \*5* ("[T]he inquiry turns on...whether the third party has the

15 *capability* to use its record of the interaction for any other purpose.") (quotation marks

16 and citation omitted) (emphasis added); *Swarts v. Home Depot, Inc., No. 23-cv-0995-*

17 *JST, 2023 U.S. Dist. LEXIS 153477, 2023 WL 5615453, at \*7 (N.D. Cal. Aug. 30,*

18 *2023)* ("[T]his distinction turns on the question of whether the third party has the

19 *capability* to use its record of the interaction for any other purpose.") (quotation marks

20 and citations omitted) (emphasis added).

21    This Court held that Plaintiff's FAC failed to allege that LivePerson was

22 capable of using Plaintiff's chat recording for its own purpose. In arriving at its

23 finding, this court noted that Plaintiff's allegation that her chats are routed through

24 LivePerson's server allowing LivePerson to collect the chat data only supports the

25 inference that LivePerson receives and stores these communications for the benefit

26 of its client and, that Plaintiff's allegation that LivePerson is integrated with Meta is

27 conclusory. *Rodriguez*, 2024 U.S. Dist. LEXIS 50719, at * 35-56.

28

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

At first glance, it may appear as though Plaintiff's SAC contains facts to support her allegation that "LivePerson has the capability to use the chat data between Plaintiff and Ford for its own benefit." SAC. ¶16. Upon further review, however, it becomes apparent that Plaintiff's allegation is in fact conclusory. Plaintiff's allegations are intentionally misleading, and the facts contained therein do not support Plaintiffs claim. *See* SAC ¶¶ 16-21.

Plaintiff's SAC alleges that "LivePerson's chat software is integrated with subsidiaries or divisions of Meta Platforms, Inc. like Facebook and WhatsApp." Plaintiff further alleges that this integration allows LivePerson to share data with Meta and its subsidiaries which, according to Plaintiff, is all part of Meta's "secret plan" to profit from private chats (SAC ¶¶ 17-18). In support of her claims, Plaintiff provides a link to the "Social Channels – Facebook" portion of LivePeron's website ("Webpage"). (*See* SAC ¶ 17) The Webpage, in pertinent part states the following:

> With over 2.4 billion monthly users and billions of messages more being sent **between people and businesses** every month **on Facebook,** brands need tools to manage these interactions at scale. The Conversational Cloud seamlessly integrates with Facebook, offering brands the opportunity to reach consumers on one of the largest and most popular social messaging channels in the world.[1]

Accordingly, the Webpage describes a chat feature, the "Conversational Cloud" that acts as a tool that allows brands to manage interactions with their customers on social media platforms like Facebook. LivePerson claims that this "Conversational Cloud" is integrated with Meta in a very specific instance, that is, when a chat is occurring on Facebook with a Facebook user. The bottom of the Webpage provided by Plaintiff provides configuration steps for the "Conversational Cloud" that is integrated with Meta. The configuration steps explicitly note "you

---

[1] *See* Concurrently Filed Request for Judicial Notice, Exhibit A.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

must have a Facebook Page and admin rights to that page" to get started. Nothing on LivePerson's website suggests that integration with Meta occurs outside this specific context. Plaintiff's SAC does not allege that LivePerson's "Conversational Cloud" platform is utilized on Defendant's website, nor does it allege specific facts that, if assumed true, would show that Defendant's use of LivePerson involves any "integration" with Meta or its subsidiaries.

Even if Plaintiff's SAC sufficiently alleges that Defendant's use of LivePerson involves some sort of "integration" with Meta or its subsidiaries (it does not), Plaintiff's SAC fails to allege that LivePerson or Meta and its subsidiaries have the capability to use **Plaintiff's data** from its chat with Ford for their own purpose or benefit. In conclusory fashion, Plaintiff merely alleges that "Defendant has allowed a third party– LivePerson, Inc.– ... to secretly intercept, exploit, and monetize the chat conversations between Defendant and visitors to its Website." SAC ¶11. Plaintiff relies on an article that discusses Meta's acquisition of a completely unrelated company called Kustomer and quotes from Kustomer's marketing materials. Plaintiff alleges that "Meta's brands like Facebook and WhatsApp bombard the unsuspecting Website visitors with targeted advertising." According to Plaintiff, this is all part of Meta's secret "plan to profit from private chats." SAC ¶¶ 18-20.

Notably, Plaintiff does not make any allegation that LivePerson used her chat transcript from Defendant's website in any manner that would violate CIPA or that LivePerson shared her chat transcript (or any of her data) with Meta or any other party. Plaintiff does not allege that she was ever bombarded with targeted advertising or harmed in any way by Defendant's alleged actions. It is a significant logical leap—and indeed, a total misdirection—to conclude that this purported software "integration" makes it more likely than not that LivePerson shared or used any of the data allegedly recorded by the software on Defendant's website. Plaintiff does not even allege that

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1  she received targeted advertisements after the conversation, which, according to
2  Plaintiff, is what Meta does with the data it receives. SAC ¶19.

3  Plaintiff's SAC contains several paragraphs alleging that LivePerson utilizes
4  technology that allows it to perform web and data analytics. SAC ¶¶ 23-28. These
5  allegations simply explain what LivePerson's customers can use recorded data for;
6  they do not support the inference that LivePerson itself uses or is capable of using
7  that data. Rather, these allegations support the inference that LivePerson receives and
8  stores data for the benefit of its clients.

9  The appropriate inquiry to determine whether LivePerson is an extension of
10  Defendant is not whether LivePerson has the capability to use another entity's or
11  individual's data for its own use or benefit in some other context. The question is
12  whether LivePerson has the capability to use the data **from Plaintiff's conversation**
13  **with Defendant**. Based on the allegations in Plaintiff's SAC, the answer is 'no.'
14  Plaintiff has not alleged and cannot allege any facts showing that LivePerson has
15  improperly recorded and misused her chat recording transcripts for its own
16  independent benefit separate from Defendant. Plaintiff does not allege any facts that
17  the LivePerson software used by Defendant has shared any chat-related data with
18  Meta (or its subsidiaries). Indeed, Plaintiff does not even allege that she has actually
19  received any targeted advertising based on her chat activity with Defendant, which,
20  according to Plaintiff, is what Meta does with the data it receives. SAC ¶19. Further,
21  LivePerson and Meta are separate corporate entities, and Plaintiff fails to allege any
22  grounds to treat them as one and the same.

23  **C.    Defendant is Not Liable for Aiding and Abetting Violations of Section**
24  **631(a)'s Third Clause**

25  Plaintiff makes no argument that LivePerson is liable for violations of clause
26  three of section 631(a). A violation occurs under clause three of section 631(a) when
27  one attempts to use or communicate information obtained as a result of engaging in

28

either wiretapping or eavesdropping. Cal. Penal Code § 631. A finding of a violation under clause three is contingent on a finding of a violation of either clause one or two. *Martin v. Sephora USA, Inc.,* No. 1:22-CV-01355-JLT-SAB, 2023 WL 2717636, at *11 (E.D. Cal. Mar. 30, 2023). Because Plaintiff has failed to state a claim against LivePerson under either Clause one or two, Plaintiff cannot claim that LivePerson violated clause three. Accordingly, Defendant is not liable for aiding and abetting violations of Section 631(a)'s third clause because no such violations occurred.

### D. Plaintiff Fails to Allege the Requisite Knowledge For Aiding and Abetting

CIPA does not define aiding and abetting under section 631(a). In the absence of a statutory definition for aiding and abetting, the common law definition is applied. *Rodriguez*, 2024 U.S. Dist. LEXIS 50719, at *39; *see also* Esparza v. UAG Escondido A1 Inc., *2024 U.S. Dist. LEXIS 24429, 2024 WL 559241, at *6(S.D. Cal. Feb 12, 2023)* (citing *Fiol v. Doellstedt, 50 Cal. App. 4th 1318, 1325-26, 58 Cal. Rptr. 2d 308 (1996)* (applying common-law civil aiding-abetting principles where California's Fair Employment and Housing Act allowed for civil aiding-abetting liability but provided no statutory standard) and *Twitter, Inc. v. Taamneh, 598 U.S. 471, 483-85, 143 S. Ct. 1206, 215 L. Ed. 2d 444 (2023)* (concluding the common-law tradition supplies the proper legal framework for civil aiding and abetting liability where a federal statute imposes civil liability upon a person who aids and abets but does not define the term aid and abet) (quotation marks and citation omitted)).

The common law definition of aiding and abetting provides that "a person may be held liable as an aider and abettor if they: (a) know the other's conduct constitutes a breach of duty and give substantial assistance or encouragement to the other to so act or (b) give substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." *Rodriguez*, 2024 U.S.

Dist. LEXIS 50719, at *38 (citing *UAG Escondido A1 Inc.* 2024 U.S. Dist. LEXIS 24429, 2024 WL 559241, at 6*).

Here, Plaintiff's SAC fails to allege that Defendant knew that LivePerson's conduct constituted a breach of some duty. Plaintiff's allegations that Defendant has knowledge that LivePerson, through software, captures the electronic communications of visitors to Defendant's Website, and pays LivePerson to conduct these activities, are not enough to support a claim for aiding and abetting. *Rodriguez*, 2024 U.S. Dist. LEXIS 50719, at *40; SAC ¶45. Plaintiff's SAC does not even allege that Defendant knew that LivePerson was using the chat data beyond storing it for Defendant or that LivePerson was distributing the chat data to Meta. *See, generally* SAC. Accordingly, Plaintiff fails to allege that Defendant had the requisite knowledge to support a claim for aiding and abetting.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) based on Plaintiff's failure to state a claim upon which relief can be granted.

DATED:  April 19, 2024                    **DINSMORE & SHOHL LLP**


By:   */s/ Gina Kripotos*

Gina Kripotos

Attorneys for Defendant
FORD MOTOR COMPANY, a
Delaware corporation dba
WWW.FORD.COM

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 19th day of April, 2024, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Scott J. Ferrell
Pacific Trial Attorneys
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
sferrell@pacifictrialattoneys.com
P: 949 706-6464
F: 949 706-6469
**ATTORNEY FOR PLAINTIFF**

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.


_/s/ Gina Kripotos_____
Gina Kripotos

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT